# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHARLES A. NIEDERSTADT,

    Plaintiff,

v.                                                          No. CIV 11-0088 JB/KBM

JESSE PERALTA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review Plaintiff Charles A. Niederstadt's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed January 26, 2011 (Doc. 1). Plaintiff Charles A. Niederstadt is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Section 1915(b)(1) of Title 28 of the United States Code requires Niederstadt to pay the full amount of the filing fee. Based on the information in Niederstadt's filings, the Court will grant him leave to proceed IFP and waive the initial partial payment. Because Niederstadt's complaint does not state a claim for which relief may properly be granted under federal law, the Court will dismiss the Complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall

v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing the Niederstadt's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint alleges that Defendant Jesse Peralta falsely accused Niederstadt of assault and battery. The incident occurred at the residence of Peralta's sister. Peralta lived nearby. Peralta's allegations caused Niederstadt to be falsely arrested and imprisoned. Niederstadt contends that Peralta's actions violated his rights under the Due Process. The Complaint seeks damages.

Niederstadt's allegations against Peralta do not support a claim under 42 U.S.C. § 1983. A § 1983 complaint must allege facts demonstrating the two elements of the statute, *i.e.*, that a federal right was violated and the deprivation was caused by a person acting "under color of state law." 42 U.S.C. § 1983. See Gomez v. Toledo, 446 U.S. 635, 640 (1980); Houston v. Reich, 932 F.2d 883, 890 (10th Cir. 1991). In the absence of a factual basis for either element, a complaint does not state a claim under § 1983. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988)("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law."); Mehdipour v. Matthews, 386 F. App'x 775, 778 n.3 (10th Cir. 2010).

A private citizen -- here, a neighbor -- does not act under color of state law for purposes of § 1983. See Bastible v. Weyerhaeuser Co., 437 F.3d 999, 1008 (10th Cir. 2006); Yanaki vs. Iomed Inc., 415 F.3d 1204, 1205-06 (10th Cir. 2005); Mehdipour v. Matthews, 386 F. App'x at 778. Because Niederstadt's Complaint does not allege that Peralta acted under color of state law, the

-2-

Court will dismiss the Complaint for failure to state a claim. See Mehdipour v. Matthews, 386 F. App'x at 778 n.3. But cf. Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1215 (10th Cir. 2003)(Hartz, J., concurring)("[D]ismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court."), abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 215-217 (2007).

**IT IS ORDERED** that: (i) the Plaintiff's Application for Free Process and Affidavit of Indigency [sic], filed January 26, 2011 (Doc. 3) is granted, and the initial partial payment is waived; (ii) the Plaintiff must make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee; and (iii) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 is dismissed with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Charles A. Niederstadt
Lincoln County Detention Center
Carrizozo, New Mexico

    *Plaintiff pro se*